FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 28 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MANUEL MADRID,

                               Petitioner,

        -against-

ROBERT ERCOLE, Superintendent of Green Haven
Correctional Facility,

                               Repondent.
---------------------------------------------------------------x

MEMORANDUM AND ORDER

08-cv-4397 (ENV)(CLP)

VITALIANO, D.J.

On October 22, 2008, *pro se* petitioner Manuel Madrid filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court stayed the petition on July 24, 2009 pending exhaustion of Madrid's state court claims. Madrid now asks the Court to lift the stay and for permission to amend his petition.

I. **BACKGROUND**

On March 14, 2006, a Queens County jury convicted Madrid of murder in the second degree and various lesser charges. Madrid appealed. On June 3, 2008, the Appellate Division, Second Department issued a decision affirming the conviction. On September 30, 2008, the Court of Appeals denied Madrid leave to appeal.

On October 17, 2008, Madrid, then incarcerated at Green Haven Correctional Facility, delivered to prison authorities a petition for habeas corpus. The petition was filed with this Court on October 22, 2008. After his federal filing, Madrid initiated two post-conviction actions in state court. First, on January 28, 2009, he filed a motion in Supreme Court, Queens County, seeking to vacate the judgment of conviction pursuant to C.P.L. § 440.10. Second, on June 10, 2009, he filed a writ of error coram nobis in the Appellate Division.

Also on June 10, 2009, Madrid moved to amend his habeas petition and stay proceedings in federal court pending resolution of the § 440.10 motion and coram nobis petition in state court. On July 24, 2009, this Court granted Madrid's motion, directed the Clerk of Court to administratively close the case without prejudice to its reopening, and instructed Madrid that he must move to lift the stay and reopen the case within 30 days of the conclusion of the two pending state court actions. *Cf. Zarvela v. Artuz*, 254 F.3d 374, 380-81 (2d Cir. 2001) (setting out appropriate procedure for staying "mixed" habeas petitions pending exhaustion of state court proceedings).

On September 24, 2010, a letter from Madrid, dated three days prior, was filed with the Court, advising that the stay could be lifted because petitioner's state court remedies had been exhausted. This communication followed an earlier letter from Madrid, dated May 25, 2010 and filed on June 1, 2010, that updated the Court on the progress of the state court proceedings and requested permission to amend his habeas petition if the proceedings were unsuccessful. Construing these *pro se* communications liberally, as the Court must, *see In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008), the Court interprets them as a motion to lift the stay on Madrid's federal habeas petition and a motion to amend the petition, respectively.

## II. DISCUSSION

### A. Motion to Lift Stay

In its order dated July 24, 2009, the Court directed Madrid that he must move to lift the stay and reopen the case within 30 days of the conclusion of the two post-conviction proceedings then pending in state court. The Appellate Division denied Madrid's motion for leave to appeal his § 440.10 motion on June 11, 2009 and denied his coram nobis petition on December 1, 2009.

Accordingly, Madrid should have moved by December 31, 2009 for the stay to be lifted.[1] Instead, it appears that he filed a second § 440.10 motion with Supreme Court on November 20, 2009, which Supreme Court denied on March 5, 2010, and the Appellate Division denied leave to appeal on September 13, 2010. Only on September 21, 2010—294 days after the Appellate Division denied leave to appeal in the coram nobis action—did Madrid move to lift the stay on his habeas petition.[2]

Madrid's failure to satisfy the conditions of the stay requires the Court to ascertain whether the petition must be dismissed because of the expiration of the period of limitations set out under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). As the Second Circuit has held, if a "mixed" petition containing exhausted and unexhausted claims is stayed pending resolution of the unexhausted claims in state court, and the petitioner fails to return to federal court promptly following the completion of state court proceedings, "the stay may later be vacated *nunc pro tunc* as of the date the stay was entered," and the petition may be dismissed, "unless the time the petitioner has taken to initiate exhaustion in the state courts and to return to federal court after exhaustion has not consumed more than the portion of the one-year limitations

---

[1] Madrid sought leave with the Court of Appeals to appeal the denial of his coram nobis petition, but it is well-settled under New York law that denial of coram nobis relief may not be appealed to the Court of Appeals. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 70-71 (2d Cir.2001) (collecting cases). Accordingly, Madrid should have returned to federal court following the Appellate Division's decision.

[2] Ordinarily, the timeliness of a prisoner's filing is measured from the date the papers are delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 268 (1988). While there is no evidence in the record regarding when Madrid's motion was delivered to the Green Haven authorities, the Court considers the motion filed on the date Madrid signed it. *Cf. Cromwell v. Keane*, 27 F. App'x 13, 14 (2d Cir. 2001) (considering a prisoner's habeas petition filed on the date he signed related papers "in the absence of other evidence regarding the date on which [the] petition was handed to prison officials for mailing").

period that remained when the habeas petition was initially filed." *Zarvela*, 254 F.3d at 381.

Madrid's conviction became final on December 30, 2008, 90 days after the Court of Appeals denied leave to appeal. *See Fernandez v. Artuz*, 402 F.3d 111, 112 (2d Cir. 2005). Therefore, none of the one-year limitations period had been consumed by the time he executed his habeas petition on October 17, 2008. *See* 28 U.S.C. § 2244(d)(1) (stating that the limitations period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). However, the time during which a habeas petition is pending in federal court does not toll § 2244(d)(1)'s limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Rather, the AEDPA clock is tolled only while a properly filed application for state post-conviction or other collateral review is pending. *See* 28 U.S.C. § 2244(d)(2). Accordingly, 28 days were consumed before Madrid filed his first § 440.10 motion with Supreme Court on January 28, 2009.

Once this motion was filed, the AEDPA clock remained tolled until September 13, 2010, when the Appellate Division denied Madrid's second § 440.10 motion. During this entire time, at least one post-conviction action was pending in state court: the first § 440.10 motion from January 28, 2009 to June 11, 2009; the coram nobis petition from June 10, 2009 to December 1, 2009; and the second § 440.10 motion from November 20, 2009 to September 13, 2010. *Cf. Hizbullahankhamon v. Walker*, 255 F.3d 65, 71-72 (2d Cir.2001) (holding that a coram nobis petition tolls the limitations period from the date it is filed until the date it is denied by the Appellate Division); *Caraway v. Walsh*, No. 09-CV-2708, 2010 WL 438392, at *1 (E.D.N.Y. Feb. 8, 2010) ("AEDPA's one year statute of limitations is tolled from the date a petitioner files his or her 440.10 motion until the date the Appellate Division denies the petitioner leave to

appeal that decision.") (internal quotation marks omitted).[3] After the Appellate Division denied the second motion on September 13, 2010, seven days passed before Madrid returned to federal court on September 21, 2010. In other words, during the entire time from December 30, 2008, when Madrid's conviction became final, and September 21, 2010, when he moved to lift the stay, only 35 AEDPA days were consumed.

Madrid thus returned to federal court with ample time remaining. In the absence of any other evident reason to deny it, the motion to lift the stay is granted.

## B. Leave to Amend

Madrid also has moved to amend his habeas petition. Madrid does not explicitly state the claim or claims he intends to add to his petition. Assumedly, however, he seeks to include some or all of the claims in his second § 440.10 motion, since the Court's July 24, 2009 order already granted his motion to amend his habeas petition to include a claim derived from his coram nobis petition.

A motion for leave to amend a habeas petition is governed by Federal Rule of Civil Procedure 15(a). *Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002). Rule 15(a)(1) permits a party to amend its pleading once, as a matter of course, before a responsive pleading has been served. Where a respondent has filed papers in opposition to the pleading, a federal habeas court still "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P.

---

[3] As described above, the stay the Court imposed did not contemplate the filing of a second § 440.10 motion in state court. That Madrid's second § 440.10 motion was not contemplated under the terms of the stay has no bearing on whether it was "properly filed" under state law for the purposes of 28 U.S.C. § 2244(d)(2), however. *Cf. Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that an application is "properly filed" under § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"). Especially given his pro se status, it is understandable that petitioner read the Court's stay order as authorizing him to seek any state court relief available to him before the expiration of his AEDPA time, whether or not specifically listed in the stay order. In that light, the stay order is modified *nunc pro tunc* to include the second § 440.10 motion.

15(a)(2), and may do so "even if the motion to amend is brought late in the proceedings," *Ching*, 298 F.3d at 180.

Madrid already has moved once to add a new claim after respondent filed his memorandum in opposition to the habeas petition. Although this second amendment, like the first, is not available to petitioner as of right, the Court, in its discretion and in the interests of justice, will allow it. Petitioner *pro se* has sought this amendment in a non-dilatory fashion, well in advance of the end of the limitations period. Moreover, there is little, if any, prejudice to respondent in permitting the amendment, as he will, of course, be permitted to supplement his opposition papers in response to the new claim.

Accordingly, Madrid's motion to amend his habeas petition is granted. He is directed to amend the petition to include his additional claims within 30 days of the date of this memorandum and order. In turn, respondent will have 30 days following filing of Madrid's amended petition to respond. If Madrid wishes to file a reply, he will have 30 days from the filing of petitioner's response to do so.

**SO ORDERED.**

Dated: Brooklyn, New York
February 25, 2008

ERIC N. VITALIANO
United States District Judge