FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 06 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

MANUEL MADRID,

                       Petitioner,

-against-

ROBERT ERCOLE, Superintendent of Green Haven
Correctional Facility,

                       Repondent.

------------------------------------------------------------- x

MEMORANDUM AND ORDER

08-cv-4397 (ENV)(CLP)

VITALIANO, D.J.

    *Pro se* petitioner Manuel Madrid moves to stay the proceedings on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the motion is denied.

## BACKGROUND

    On March 14, 2006, a Queens County jury convicted Madrid of murder in the second degree and various lesser charges. On direct appeal, the Appellate Division, Second Department affirmed the judgment of conviction on all counts. The Court of Appeals denied Madrid leave to appeal on September 30, 2008. Madrid then filed with this Court a petition for a writ of habeas corpus on October 22, 2008. On January 28, 2009, Madrid initiated a series of collateral state proceedings to exhaust his state-level remedies, and the Court docketed his motion on July 27, 2009 to stay these proceedings. (Dkt. No. 11).

    Madrid's state-level proceedings—which consisted of two motions to vacate the judgment pursuant to CPL § 440.10 and one petition for a writ of error coram nobis—concluded on September 13, 2010, and the Court reopened Madrid's federal habeas case on March 1, 2011.

Madrid filed an amended habeas petition on March 24, 2011 and the parties proceeded to brief the issues. Madrid now asks the Court for a second stay while he exhausts a new version of his claim of ineffective assistance of counsel in a third § 440.10 application.

## DISCUSSION

In *Rhines v. Weber*, 544 U.S. 269, 273-77 (2005), the Supreme Court held that while a federal district court may not adjudicate a mixed petitions for habeas relief—that is, a petition containing both exhausted and unexhausted claims—it may, given certain conditions, stay such a petition during the pendency of state proceedings on the unexhausted claims. Specifically, a court may stay a mixed petition if the petitioner can show "good cause for [his] failure to exhaust his [as-yet-unexhausted] claims first in state court," and if those claims are not "plainly meritless." *Id.* at 277. It is this sort of stay-and-abeyance that Madrid now seeks.

However, the operative petition filed by Madrid in this proceeding is not mixed. Rather, it is comprised of exhausted claims only. Madrid, additionally, has not moved to amend his petition to incorporate what he terms his unexhausted claim which is the subject of his third § 440.10 motion. Nor is it clear he could amend and seek to exhaust. Neither the Supreme Court nor the Second Circuit has addressed whether the two *Rhines* factors apply when a petitioner asks a district court to stay a petition that includes only exhausted claims so that he may pursue (and exhaust) a new claim in state proceedings. Under such circumstances, though, courts in this circuit have generally required the petitioner first to seek leave to amend the petition to add the new claim before applying the *Rhine* test. *See, e.g., Spells v. Lee*, No. 11–CV–1680 (KAM), 2011 WL 2532907 (E.D.N.Y. June 23, 2011); *Bethea v. Walsh*, No. 09–CV–5037 (NGG), 2010 WL 2265207 (E.D.N.Y. June 2, 2010); *Hendrix v. West*, No. 04-CV-6086L, 2008 WL 413300 (W.D.N.Y. Feb. 13, 2008).

More significantly, a motion to amend the petition here would be futile because Madrid's new claims are time barred under the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). As the Supreme Court has held, "although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations" with respect to other claims not asserted in the filed petition. *Rhines*, 544 U.S. at 274-75 (quoting *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001)).

Madrid delivered his amended petition to prison authorities on March 21, 2011, and did not submit his third § 440.10 application to the Queens County Supreme Court until June 7, 2012—over fourteen months later. No state court proceedings on any of his other claims were pending during this time. Even disregarding time that may have elapsed prior to the docketing of the amended petition in this proceeding, the one-year statute of limitations for his new claim had long since run when Madrid raised that claim in state court. Section 2244(d)(2), which tolls the statute of limitations during the pendency of collateral relief proceedings, is of no avail here, since the limitations period had already expired by the time Madrid filed his third § 440.10 application. Consequently, his new claims are time barred for the purposes of federal habeas review.

In any event, petitioner also appears unable to satisfy either of *Rhines's* two factors for a stay-and-abeyance. First, in explaining his failure to exhaust state remedies on his new claim, Madrid merely notes that he is "not a lawyer" and was unaware of this newly-claimed basis for constitutional relief prior to filing his federal petition. This does not constitute "good cause." *See, e.g., Spells v. Lee*, No. 11–CV–1680 (KAM)(JMA), 2012 WL 3027540, at *7 (E.D.N.Y. May 23,

2012) (holding that "[p]etitioner's argument that he is 'not versed in the law' is not sufficient to constitute good cause under the *Rhines* standard"); *Ortiz v. Heath,* No. 10–CV–1492, 2011 WL 1331509, at *15 (E.D.N.Y. April 6, 2011) (holding similarly). Second, it is apparent from the face of Madrid's letter that his new basis for claiming ineffective assistance of counsel (failure to advise him to roll the dice and make a naked plea to second degree murder, rather than either accept the People's offered bargain or go to trial) is plainly meritless under the standard articulated in *Strickland v. Washington,* 466 U.S. 668, 699 (1984) (noting "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). Accordingly, even if Madrid's new claim were not time-barred, a stay would still be inappropriate under *Rhines*.

## CONCLUSION

For the reasons stated above, petitioner's motion for a stay is denied. His pending request for a writ of habeas corpus will be determined on Madrid's first amended petition.

**SO ORDERED.**

Dated: Brooklyn, New York
       December 3, 2012

/S/ Judge Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge